Defendant-appellant Timothy Rhubert appeals from his conviction and sentence, following a no contest plea, for Aggravated Robbery, with a firearm specification, and Passing Bad Checks. Rhubert contends that the trial court erred by denying his motion to suppress statements made while in custody. He contends that he did not waive his right to remain silent under Miranda v. Arizona (1966), 384 U.S. 475. We agree with the State that his continued participation in the custodial interrogation, after he was advised of his Miranda
rights and indicated that he understood those rights, constituted an implied waiver of those rights.
Rhubert also contends that the trial court erred when it informed him that he would not be eligible for judicial release until serving the three-year consecutive term of incarceration for the firearm specification, and five years of his Aggravated Robbery sentence. We conclude that there is no final appealable order with respect to that issue, since the termination entry filed by the trial court did not contain any such provision. Accordingly, the judgment of the trial court isAffirmed.
 I
Rhubert was arrested and charged with Aggravated Robbery, with a firearm specification, and Passing Bad Checks. Following his arrest, he was interrogated, in police custody. That interrogation was videotaped, and the videotape is in evidence and part of the record in this appeal.
Rhubert moved to suppress incriminating statements he made during custodial interrogation. Following a hearing, his motion to suppress was denied. Thereafter, he pled no contest, was found guilty, and was sentenced accordingly. During the colloquy with the trial court concerning Rhubert's no contest plea, the trial judge made the following statement:
 We are back on the record in 98-CR-2. Mr. Rhubert, we recessed at the time that we were talking about your understanding with regard to your eligibility for judicial release and community control. This case is a case in which the recommendation that is being made to the Court, if the Court follows it, is a seven year sentence to the Institution, plus the three years of the gun specification would be the first three years that you would serve. You would be eligible to file for judicial release after five years of your main sentence, excluding the gun control spec. What that means is that your five years would not start running after you had served the three.
 So, that all equates to the fact that once you go to the institution you can file for judicial release and community control after you have served a total of eight years. Do you understand that.
THE DEFENDANT: Yes, sir.
 THE COURT: Now understanding that, do you wish to go forward with your no contest plea.
THE DEFENDANT: Yes.
The judgment entry refers to a mandatory period of post-release control, but makes no provision for judicial release and community control. In other words, the judgment entry does not address that subject.
From his conviction and sentence, Rhubert appeals.
 II
Rhubert's First Assignment of Error is as follows:
 A. THE TRIAL COURT ERRED WHEN IT FAILED TO SUPPRESS STATEMENT(S).
 1. THE DEFENDANT-APPELLANT NEVER WAIVED HIS RIGHTS AS DELINEATED IN MIRANDA V. ARIZONA (1996), 384 U.S. 436.
Rhubert acknowledges, as he must, that he was advised of hisMiranda rights, including, specifically, his right to remain silent, and his right to counsel, before he was questioned. We have reviewed the videotape, and it is clear that he was advised of those rights, and that he acknowledged, orally, that he understood those rights. Rhubert did not sign a waiver at that time. However, the interrogating officer made it clear to Rhubert that although the officer wanted to question Rhubert, Rhubert was not required to submit to questioning. Rhubert did respond to questions, at no time indicating his intention to exercise his right to remain silent, or his right to counsel. In fact, about a half an hour into the interview, Rhubert said that he did not need an attorney. Towards the end of the interview, Rhubert appears to have been presented with a document acknowledging that he had agreed to talk with the officers, and did so, and it appears, from the videotape that Rhubert signed this document.
Rhubert contends that he did not waive his Miranda rights. He argues that these rights can only be waived expressly, in writing. We rejected that argument in State v. Vance (June 27, 1997), Clark App. No. 96-CA-84, unreported. We see no reason to depart from that holding here.
At the suppression hearing, Rhubert presented testimony that he had a learning problem, and that he only had six years of elementary education, and a half-year of high school. Nevertheless, as Rhubert acknowledges in his brief, it is clear that the interrogating officers were not aware of any impairments in Rhubert's understanding of the rights that had been explained to him.
The rule articulated in Miranda v. Arizona, supra, is a prophylactic rule intended to require police officers to make certain disclaimers that will take the coercion out of custodial interrogation. See, 1 Katz-Gianelli, Criminal Law, § 24.5, § 24.8, at 501-502 and 504. Thus, unlike the common-law issue of the voluntariness of a confession, issues arising under Miranda are not directly concerned with a defendant's state of mind, but with whether the police officers have made the necessary disclaimers and warnings before conducting custodial interrogation. The defendant's particular circumstances are only relevant to this inquiry to the extent that the police officers know, or have constructive knowledge, of those circumstances.
From our review of the videotape, there is nothing that would have indicated to the interrogating officers that Rhubert might not have understood the Miranda warnings and disclaimers he was given. Furthermore, Rhubert's behavior during the custodial interrogation gives every appearance of having been voluntary. He appears, on the videotape, to be considering whether to discuss certain subjects. Some subjects he is reluctant to discuss.
Based upon our review of the record, we conclude that the trial court properly denied Rhubert's motion to suppress.
Rhubert's First Assignment of Error is overruled.
 III
Rhubert's Second Assignment of Error is as follows:
 THE TRIAL COURT ERRED WHEN IT STATED THE DEFENDANT-APPELLANT WAS NOT ELIGIBLE FOR JUDICIAL RELEASE UNTIL SERVING EIGHT (8) YEARS.
During Rhubert's plea colloquy, the trial judge informed him that he would not be eligible for judicial release and community control until he had served at least eight years. Rhubert contends that the judge erred — that he is eligible for judicial release and community control after serving five years.
We agree with the State that resolution of this issue is premature. Although the trial judge did make the statement attributed to him during the plea colloquy, there is nothing in the judgment entry specifying how many years Rhubert must serve before he is eligible for judicial release and community control. A trial court speaks only through its journal entries. The judgment entered by the trial court does not address the issue that Rhubert is attempting to raise; accordingly, it is premature to seek appellate review of that issue.
Rhubert's Second Assignment of Error is overruled, without prejudice to his ability to assign error in any future appeal from an order denying him judicial release.
 IV
Both of Rhubert's assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF and GRADY, JJ., concur.
Copies mailed to:
William F. Schenck Robert K. Hendrix Alan D. Gabel Hon. Thomas Rose